IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD R JACKSON,                          No C-08-5207 VRW (PR)

        Plaintiff,                    ORDER OF SERVICE

    v

BEN CURRY, WARDEN, et al,

        Defendant(s).

_____/

I

Plaintiff, a prisoner at the Correctional Training Facility ("CTF") in Soledad, California, has filed a pro se civil rights complaint under 42 USC § 1983 alleging that his work supervisor, CTF plumber M Lawrence, violated his constitutional rights. Specifically, plaintiff claims Lawrence sought to have him fired from his prison work assignment and filed false rules violations reports in retaliation for his use of the inmate grievance system to file complaints against Lawrence. Plaintiff also claims Lawrence sought to have him fired for racially discriminatory reasons. In addition to Lawrence, Plaintiff names

Warden Ben Curry and other CTF employees as defendants. Plaintiff seeks damages as well as declaratory and injunctive relief.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

### A

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

2

correctional goal. Rhodes v Robinson, 408 F3d 559, 567-68 (9th Cir 2005). The right of access to the courts extends to the exercise of established prison grievance procedures, Bradley v Hall, 64 F3d 1276, 1279 (9th Cir 1995), such that a prisoner may not be retaliated against for using such procedures. Rhodes, 408 F3d at 567; Bruce v Ylst, 351 F3d 1283, 1288 (9th Cir 2003).

Here, plaintiff alleges Lawrence filed false rules violations reports and sought to have plaintiff fired from his work assignment as a plumber as retaliation after he used the inmate administrative grievance system to file complaints against Lawrence. Liberally construed, plaintiff's allegations appear to state a cognizable retaliation claim under § 1983 and defendant Lawrence will be served. See Rhodes, 408 F3d at 567-68.

B

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v McDonnell, 418 US 539, 556 (1974). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. Washington v Davis, 426 US 229, 239-40 (1976); Serrano v Francis, 345 F3d 1071, 1081-1082 (9th Cir 2003). Racial discrimination in the assignment of prison jobs violates equal protection. Walker v Gomez, 370 F.3d 969, 973 (9th Cir 2004).

Here, plaintiff alleges Lawrence sought to have him fired from his prison work assignment as a plumber because he is African American. Liberally construed, plaintiff's allegations appear to

3

state a cognizable equal protection claim under § 1983 and defendant Lawrence will be served.  See Walker, 370 F3d at 973.

## III

For the foregoing reasons and for good cause shown:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on M Lawrence, Plumber II at CTF.  All other parties named as defendants are DISMISSED.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary

**4**

judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v Rowland, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v Terhune, 315 F3d 1108, 1120 n14 (9th Cir 2003).

5

          d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

          e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

     3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

     4.    All communications by plaintiff with the court must be served on defendants, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendant's counsel.

     5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Jackson-5207-order of service.wpd

United States District Court
For the Northern District of California