1  Nancy E. Hudgins, SBN. 85222
2  Matthew M. Grigg, SBN. 195951
   Maya Pri-Tal, SBN. 272903
3  LAW OFFICES OF NANCY E. HUDGINS
   565 Commercial Street, 4th Floor
4  San Francisco, CA 94111
   415-979-0100; 415-979-0747 (fax)
5  mmg@hudginslaw.com
6
   Maya Sinclair, SBN. 209081
7  CALVO FISHER & JACOB LLP
   One Lombard Street, Second Floor
8  San Francisco, CA 94111
9  415-374-8370; 415-374-8373 (fax)
   msinclair@calvofisher.com
10



3/11/2011

11         **UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

12

13  BERNARD R. JACKSON              )  Case No:  08-05207 VRW (PR)
                                    )
14         Plaintiff,                )  **JOINT STATUS STATEMENT;**
15  v.                              )  **STIPULATION TO VACATE**
                                    )  **SETTLEMENT CONFERENCE**
16  BEN CURRY, WARDEN, et al.       )
                                    )
17         Defendants.              )
18  _____/

19                              **I. Introduction**

20         Plaintiff Bernard R. Jackson, an inmate at CTF-Soledad (CTF), has sued his former
21  supervisor (CDCR Plumber Martin Lawrence) for retaliation.  In short, Mr. Jackson alleges Mr.
22  Lawrence took adverse employment action against him in 2007 in retaliation for having
23  previously filed a grievance against him.
24         A settlement conference with Magistrate Judge Vadas currently is set for 3/23/11.
25  Because that settlement conference is premature and would unnecessarily waste time, money
26  and judicial resources, the parties request that it be vacated.

27

28

## II. Case History

Mr. Jackson originally sued in *pro se*. The Attorney General's Office previously represented Mr. Lawrence, and moved for summary judgment last year.

Mr. Jackson alleged that Mr. Lawrence discriminated against him when he issued multiple work violations in 2007. He alleged that the violations were motivated by a discriminatory intent based on race in violation of §1983, *et seq*. He also alleged that actions taken by Mr. Lawrence in 2007 were retaliatory in nature.

Judge Walker summarily adjudicated Mr. Jackson's equal protection claim in Mr. Lawrence's favor, but declined to summarily adjudicate the retaliation claim.

The parties attended a settlement conference with Magistrate Judge Vadas on 7/6/10 but no settlement was reached. It was agreed at that time there would be a second settlement conference in February 2011.

After the first settlement conference, and prior to the second one, both parties obtained new counsel who agreed to engage in limited discovery in anticipation of the upcoming (second) settlement conference. Mr. Lawrence believes that, based on the discovery taken to date and legal issues not previously raised on his behalf, a second summary judgment motion is now appropriate. Mr. Jackson agreed to allow him the time to file such a motion and agreed to vacate the second settlement conference date – but no motion has yet been filed.

Mr. Jackson now agrees to vacate the third settlement conference date in exchange for an agreement to set a trial date. He desires that the Court set an appropriate schedule for the parties to abide by. Mr. Lawrence has no objections to the setting of procedural deadlines and expects to file his motion in the very near future.

## III. Why The Settlement Conference Should Be Vacated

The settlement conference should be vacated because it would be an exercise in futility. Due to the position of the parties, the settlement conference is premature and would unnecessarily waste time, money and judicial resources. The parties request that it be vacated.

### IV. Trial Request

Mr. Jackson's attorney requests that trial be set for January 2012. Mr. Lawrence has no objection to trial being set, but would request that associated dates be set in a way that minimizes expenditures prior to the hearing of his anticipated motion for reconsideration.

SO STIPULATED:

Dated: March 11, 2011             LAW OFFICES OF NANCY E. HUDGINS
                                  /s/ *Matthew M. Grigg*
                                  Matthew M. Grigg
                                  Attorneys for Defendant Martin Lawrence

Dated: March 11, 2011             CALVO FISHER & JACOB LLP
                                  /s/ *Maya Sinclair*
                                  Maya Sinclair
                                  Attorneys for Plaintiff Bernard R. Jackson

**ORDER**

The Court DENIES the parties' Stipulation with respect to vacating the Settlement Conference before Judge Vadas. The parties shall proceed with the Conference as ordered by Judge Vadas. It is not appropriate for this Court to vacate a calendar before another Judge. To the extent Defendant wish to file a Motion for Reconsideration, Defendant may do so independent of the Settlement Conference.

Dated: March 11, 2011

_____
James Ware, United States District Chief Judge

PROOF OF SERVICE

I, Lydia Burton, declare that I am employed in the County of San Francisco, State of California, am over the age of eighteen years, and am not a party to the within action. My business address is 565 Commercial Street, 4th Floor, San Francisco, California 94111.

On March 11, 2011, I served the within

1. **JOINT STATUS STATEMENT; STIPULATION TO VACATE SETTLEMENT CONFERENCE.**

on the party(ies) to this matter by providing a true and correct copy(ies) of same to:

Maya Sinclair
Calvo & Clark LLP
1 Lombard Street, 2nd Flr
San Francisco, CA 94111

in the following manner:

/X/     FIRST CLASS MAIL. I placed such document in a sealed envelope(s) addressed to that party(ies), with postage fully prepaid for first-class mail, for collection and mailing at San Francisco, California, following ordinary business practices. I am readily familiar with the practice at the Law Offices of Nancy E. Hudgins for the processing of correspondence, i.e., in the ordinary course of business, outgoing mail is deposited in the United States mail the same day as it is placed for processing in our mail room.

/ /     BY PERSONAL SERVICE. I caused an envelope containing said copy to be delivered by hand to the addressee(s) noted above. (HAND DELIVERY)

/ /     BY FACSIMILE. I caused the said document(s) to be transmitted by facsimile machine to the number indicated after the addressee(s) noted above.

/ /     BY FEDERAL EXPRESS. I caused an envelope containing said copy to be delivered to the nearest Federal Express office, with the attached airbill addressed to the above individual and indicating overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 11, 2011, at San Francisco, California.

                           */s/Lydia Burton*
                            Lydia Burton