United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD R. JACKSON, | No. C 08-05207 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BEN CURRY, WARDEN, *et al.*, | |
| Defendants. | |

On September 13, 2013, the Court heard argument on defendant's motion for summary judgment. For the reasons set forth below, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiff Bernard Jackson is an inmate at the Correctional Training Facility ("CTF") in Soledad, California. Compl. ¶ 4. Plaintiff works as a plumber at the prison. Defendant Martin Lawrence worked as a plumbing supervisor at the prison from November 2003 to February 2010. In 2007, defendant served as a supervisor to plaintiff. Pl.'s Opp., 1:19-23. On November 17, 2008, plaintiff filed the present action in *pro per* under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendant. In his complaint, plaintiff alleged claims of racial discrimination in violation of equal protection and retaliation in violation of plaintiff's First Amendment rights. Compl. ¶¶ 25-32. With respect to the retaliation claim, plaintiff alleged that defendant "took adverse action against plaintiff for filing an inmate appeal (grievance) in light of a misleading rules violation." Compl. ¶ 31.

This case was originally assigned to Judge Vaughn Walker. In an order filed March 26, 2009, Judge Walker conducted a preliminary review of the complaint and ordered the complaint served. On the retaliation claim, Judge Walker's order held that "plaintiff alleges [defendant] Lawrence filed false rules violations reports and sought to have plaintiff fired from his work assignment as a plumber as retaliation after he used the inmate administrative grievance system to file complaints against Lawrence. Liberally construed, plaintiff's allegations appear to state a cognizable retaliation claim under § 1983 [. . .]." Docket No. 6 at 3:7-12. On March 2, 2010, Judge Walker granted in part and denied in part defendants' motion for summary judgment. Judge Walker summarily adjudicated plaintiff's equal protection claim, but allowed his claim for retaliation to proceed. Judge Walker found that defendant Lawrence had not met his burden for summary judgment on the retaliation claim, explaining that:

> [d]efendant's conclusory argument simply ignores the apparent history of animus between the parties that began in 2002. At that time, plaintiff filed a complaint against defendant that resulted in an internal investigation and ultimately defendant's reassignment to a plumbing shop in another part of the prison.[1] Sometime after defendant's return to the prison plumbing shop where plaintiff is employed, defendant sought to have plaintiff fired and filed rules violation reports against him that ultimately were dismissed in the interest of justice due to lack of evidentiary support. Plaintiff presents sufficient circumstantial evidence of defendant's retaliatory motive in taking action seeking to have plaintiff fired from his prison work assignment and filing rules violations reports against plaintiff.

Docket No. 29 at 8:20-9:10 (citations omitted). At this time, Judge Walker also referred the parties to Magistrate Judge Vadas for mediation proceedings. Mediation took place in July 2010, but the case did not settle. Docket No. 73 at 4:7-9. In August 2010, Judge Walker appointed counsel for plaintiff. The case was reassigned to Judge James Ware in March 2011.

In September 2012, the case was reassigned to this Court. The parties filed a joint case management statement on March 13, 2013. In that statement, the parties stated that the sole legal issue is "whether [defendant] Lawrence violated [plaintiff] Jackson's First Amendment rights by retaliating after [p]laintiff filed a grievance against Mr. Lawrence." Docket No. 73 at 2:22-23. Plaintiff also stated that he had no intention to amend the pleadings. *Id.* at 3:5. On August 22, 2013, after defendant filed the present motion for summary judgment, the parties filed another case management conference

---

[1] Plaintiff has abandoned his claim that a 2002 complaint prompted defendant's retaliation. Plaintiff acknowledges that "[t]he facts revealed through discovery have not supported Mr. Jackson's allegation that he filed a complaint against Defendant Lawrence in 2002 because it is undisputed that Mr. Lawrence did not begin working at the prison until November 2003." Docket No. 80 at 6:1-4.

2

statement stating that "there have not been any new events or changed circumstances since the March 20, 2013 case management conference . . . ." Docket No. 81 at 2:12-13.

Defendant filed the present motion for summary judgment on June 13, 2013. The evidence on summary judgment shows that on September 27, 2007, defendant filed a rules violation report against plaintiff for "disobeying a direct instruction" to help dig up a broken water line. Docket No. 1, Ex. A. Plaintiff was temporarily suspended from his work assignment as a result of the September 27, 2007 rules violation report. *Id.*, Ex. B. Plaintiff contested the report on the ground that the broken water line was located outside of his assigned area and work memos stated that inmates were supposed to stay within their assigned areas. *Id.*, Ex. A (disciplinary report), Ex. C-E (memos). On the basis of those work memos, plaintiff was found not guilty of the rules violation and the report was dismissed. *Id.*[2] On November 15, 2007, defendant filed a second rules violation report against plaintiff for failing to report to a job assignment without having an excused "medical lay in." *Id.*, Ex. G. The rules violation report was dismissed "in the interest of justice" after plaintiff provided a "medical lay in" excusing the alleged violation. *Id.*[3] On December 10, 2007, plaintiff filed a 'state employee racial misconduct' complaint against defendant. *Id.*, Ex. I. The parties agree that this is the first evidence of a grievance filed by plaintiff against defendant.[4]

Defendant's motion contends that he could not have retaliated in November 2007 for any alleged grievance filed by plaintiff because there is no evidence to support the allegation that plaintiff filed a grievance against defendant prior to December 2007. Plaintiff's opposition concedes this point, and instead, plaintiff asserts a new theory that defendant retaliated against plaintiff for "exercising his First

---

[2] Defendant asserts that at the time he instructed plaintiff to assist with the broken water line, plaintiff was outside of his assigned work area. Lawrence Decl. ¶ 12 (Docket No. 76-1).

[3] Defendant asserts that plaintiff obtained the medical lay in after defendant issued the rules violation report. Lawrence Decl. ¶¶ 19-23 (Docket No. 76-1).

[4] Plaintiff also prepared a grievance against defendant that was dated October 15, 2007 and stamped "Received February 21, 2008." Compl., Ex. F. Defendant states in his declaration that he did not learn of the October 15, 2007 grievance until sometime after he transferred to a different facility in January 2008, and perhaps even after plaintiff filed this lawsuit. Lawrence Decl. ¶ 18 (Docket No. 76-1). Although it is unclear exactly when plaintiff filed this grievance, plaintiff concedes that it was not filed in October 2007, and that "there is no evidence of any complaints being filed by Mr. Jackson against Mr. Lawrence prior to December 20, 2007." Docket No. 80 at 6:6-7.

3

Amendment right to appeal" the September 2007 rules violation by filing the November 2007 rules violation report. Docket No. 80 at 8:5-7.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56©.

**DISCUSSION**

Defendant contends that plaintiff cannot avoid summary judgment with a new theory of

4

1 retaliation that is not alleged in the complaint and is asserted for the first time on summary judgment.
2 The Court agrees. "A plaintiff may not amend her complaint through argument in a brief opposing
3 summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Wasco*
4 *Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put,
5 summary judgment is not a procedural second chance to flesh out inadequate pleadings."); *see also*
6 *Trishan Air, Inc. v. Federal Ins. Co.*, 635 F.3d 422, 435 (9th Cir. 2011) (affirming dismissal of claim
7 that was raised for the first time in opposition to summary judgment); *Navajo Nation v. U.S. Forest*
8 *Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that [when] the complaint
9 does not include the necessary factual allegations to state a claim, raising such claim in a summary
10 judgment motion is insufficient to present the claim to the district court.").

11 Plaintiff alleged in his complaint that the protected conduct at issue was the filing of an inmate
12 appeal or grievance against defendant prior to the retaliatory conduct. Because plaintiff was an inmate
13 proceeding *pro se* when the complaint was filed, Judge Walker construed his allegations liberally,
14 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and permitted plaintiff's retaliation claim to proceed, at
15 least in part on the basis of plaintiff's alleged grievance against defendant in 2002. Plaintiff was
16 appointed counsel in 2010 and discovery did not reveal evidence to support the contention that a
17 grievance was filed before the alleged retaliation. Nevertheless, as recently as August 2013, plaintiff
18 maintained that the sole legal issue in the case concerned alleged retaliation by defendant for plaintiff's
19 filing of a grievance against him. Not until plaintiff's brief in opposition to summary judgment did
20 plaintiff assert that defendant retaliated against him for exercising his right to appeal the September
21 2007 disciplinary charge.

22 At oral argument, plaintiff's counsel argued that the current retaliation claim is encompassed
23 within the allegations of the complaint because plaintiff alleges that defendant Lawrence retaliated
24 against him in violation of his First Amendment rights. However, plaintiff's theory of retaliation has
25 changed, and the specific claim that plaintiff now asserts – that defendant Lawrence retaliated against
26 him for "exercising his First Amendment right to appeal" the September 2007 rules violation by filing
27 the November 2007 rules violation report – was not alleged in the complaint,nor was it asserted at any
28 time prior to opposing the instant motion for summary judgment. The parties have litigated this case

5

based on plaintiff's allegations that defendant prepared false rules violation reports and attempted to get plaintiff fired from his job in retaliation for plaintiff's filing of a grievance against defendant. Fact discovery is closed, and the Court finds that it would be prejudicial to defendant to allow plaintiff to proceed on a new retaliation theory at this late date. Accordingly, the Court GRANTS defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion for summary judgment on plaintiff's retaliation claim. Docket No. 76.

**IT IS SO ORDERED.**

Dated: September 25, 2013

SUSAN ILLSTON
United States District Judge

6